IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

AMY ADAMS                                                                                           PLAINTIFF

v.                                           Case No. 6:17-cv-6047

CENTERFOLD ENTERTAINMENT
CLUB, INC.; JESSIE ORRELL;
RAYMOND ORRELL; and DIANA
DAY                                                                                              DEFENDANTS

# ORDER

Before the Court is the parties' Joint Stipulation of Dismissal With Prejudice. (ECF No. 21). The Court finds the matter ripe for consideration.

On June 1, 2017, Plaintiff filed this action, alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, and the Arkansas Minimum Wage Act, Ark. Code Ann. §§ 11-4-201, *et seq*. On September 14, 2018, the parties notified the Court that this case had been settled and that dismissal paperwork would be forthcoming. On October 10, 2018, the Court entered a judgment that dismissed this case pursuant to the parties' settlement agreement. On October 24, 2018, the parties filed the instant stipulation of dismissal, asking the Court to dismiss this case with prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii). The parties also state that the Court need not conduct a reasonableness review of the parties' FLSA settlement, given that this case is not a collective action, Plaintiffs were represented by counsel throughout the case, and because the parties wish for their settlement agreement to remain confidential.

At first blush, it appears that the Court need not take action regarding the instant stipulation, given that the Court previously entered a judgment dismissing this case on October 10, 2018. However, the Court notes that its October 10, 2018 judgment does not specify whether this case

was dismissed with or without prejudice. The instant stipulation asks that the Court dismiss the action with prejudice. Thus, the Court will take up the instant stipulation and consider the relief requested therein—that the Court dismiss this case with prejudice and do so without conducting a reasonableness review of the parties' settlement agreement.

Several courts have held that settlement agreements resolving wage claims are subject to court approval to ensure that the parties are not negotiating around statutory minimum wages. *See, e.g.*, *Int'l Union, United Auto., Aerospace, and Agric. Implement Workers of Am. v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007); *Lynn's Food Stores, Inc. v. U.S.*, 679 F.2d 1350, 1353 (11th Cir. 1982); *Cruthis v. Vision's*, No. 4:12-CV-00244, 2014 WL 4092325 (E.D. Ark. Aug. 19, 2014). Other courts, including this Court, have held that court approval of an FLSA settlement is unnecessary when the lawsuit is not a collective action, all plaintiffs have been represented by counsel throughout the entirety of the case, and the parties wish for their agreement to remain private. *See, e.g.*, *Zeznanski v. First Step, Inc.*, No. 6:17-cv-6023-SOH (W.D. Ark. Oct. 5, 2017), ECF No. 25; *Schneider v. Habitat for Humanity Int'l, Inc.*, No. 5:14-CV-5230-TLB, 2015 WL 500835, at *3 (W.D. Ark. Feb. 5, 2015).

This case is not a collective action; Plaintiff has been represented by counsel throughout the course of this litigation; and the parties agree that their settlement agreement is confidential. Thus, it appears to the Court that the settlement agreement in this case is of the type that does not require court approval. *See Schneider*, 2015 WL 500835, at *3. That being said, in the past, parties have nonetheless submitted wage and hour settlement agreements for review while arguing that judicial approval was not necessary. The parties have not submitted their settlement agreement in this case and, thus, the Court has not reviewed the parties' settlement agreement in this matter.

The Court now turns to the parties' request that this case be dismissed with prejudice.

Federal Rule of Civil Procedure 41 governs the dismissal of actions.  An action may be dismissed by "a stipulation of dismissal signed by all parties who have appeared."  Fed. R. Civ. P. 41(a)(1)(A)(ii).

Upon consideration, the Court finds that good cause has been shown for dismissal of the case.  Although the Court has already dismissed this case, its October 10, 2018 judgment did not specify whether the dismissal was with or without prejudice.  Accordingly, the Court now clarifies that this case is **DISMISSED WITH PREJUDICE**.  The Court shall retain jurisdiction for the purpose of enforcing the settlement agreement.

**IT IS SO ORDERED**, this 2nd day of November, 2018.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge
